(No. 3132—

JESSE MILLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 8, 1941.*

HERRICK & TWENTE, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

On October 21, 1937, the claimant, Jesse E. Miller, filed his complaint with the clerk of this court, and alleged that for more than ten years prior thereto he had been the owner, in fee, of three different tracts of land, and set forth their descriptions, totalling approximately seventy-seven acres. It is also claimed that at the time of and for many years prior to the acts of the State of Illinois in the year 1931 which are complained of, these lands were fit for general agricultural purposes. It is very apparent from the complaint that the wrongful acts of the State were committed several years prior to the year 1931. It is also charged that for more than one hundred years prior to the acts complained of there was located about a mile east of these lands a body of water or lake, commonly known as Horse Shoe Lake, the normal water line or level of which was lower than the level or surface of the tracts of land described in the complaint, and these lands drained into this body of water.

It is also charged that the State of Illinois, in the year of 1931, through its Department of Conservation, constructed a dam across the natural outlet of this lake and has main-

tained a game reserve in said lake; that this raised the level of the water of the lake, and did thereby wrongfully and illegally flood and wholly submerge these lands, and the lands have been rendered of much less value than what they were prior to the building of this dam.

A bill of particulars was filed, showing damages amounting to the sum of $1,495.00.

The Attorney General filed a motion to dismiss this complaint on the ground that it is apparent from the complaint that the Statute of Limitations has run, for the reason that the alleged wrongful acts complained of occurred several years prior to the year of 1931 and during the year of 1931.

It is a part of the statute creating the Court of Claims that every claim against the State, cognizable by the Court of Claims, shall be forever barred unless the claim is filed with the Secretary of the Court within five years after the claim first accrues, with certain exceptions, including infants, idiots, lunatics, insane persons, etc. (See Par. 436, Chapter 37, Illinois Revised Statutes, 1937.)

This court has held that where it appears from the face of the claim that same is barred by Statute of Limitations, a plea thereof will be sustained. See *Ragains* vs. *State,* 8 C. C. R. 21; *Wiskirchen* vs. *State,* 7 C. C. R. 17; *Crawford* vs. *State,* 7 C. C. R. 113, and other similar cases.

For this reason the motion of the Attorney General must be sustained and cause dismissed. Award denied.